**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

```
JOCH ANTHONY SOUTHERN,        )
                              )
              Petitioner,     )
                              )
     v.                       )        1:18CV681
                              )
ERIK A. HOOKS,                )
                              )
              Respondent.     )
```

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Docket Entry 1.) Respondent has moved for summary judgment both on grounds of non-exhaustion and on the merits. (Docket Entries 6, 7.) For the reasons explained more fully below, the undersigned United States Magistrate Judge will recommend that the Court deny the instant Petition as moot.

### I. Background

On February 7, 2017, Petitioner pleaded guilty to 10 counts of felony indecent liberties with a child in Surry County Superior Court, whereupon that court imposed two consecutive prison sentences of 12 to 24 months and two suspended, consecutive prison sentences of 12 to 24 months with probation. (See Docket Entry 1, ¶¶ 1-6.) Petitioner neither appealed his conviction nor pursued a Motion for Appropriate Relief ("MAR") with the trial court. (See id., ¶¶ 8, 11 (reflecting Petitioner's assertion that he filed and withdrew MAR in trial court).) Instead, on May 10, 2018, Petitioner filed a grievance with the North Carolina Department of

Public Safety ("NCDPS"), alleging the NCDPS failed to apply gain time for Petitioner's participation in a full-time class, and seeking credit for the applicable gain time as well as a release date of November 8, 2018. (See Docket Entry 1-1 at 2.) The NCDPS denied that grievance at all three steps of administrative review. (See id. at 4, 5, 6.)

Petitioner subsequently filed the instant Petition on July 31, 2018. (Docket Entry 1 at 15.)[1] Respondent then filed the instant Motion for Summary Judgment and supporting Brief (Docket Entries 6, 7) and, despite Petitioner's receipt of notice under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his right to respond in opposition to Respondent's Motion (see Docket Entry 8), Petitioner did not respond (see Docket Entries dated Sept. 27, 2018, to the present). Petitioner's active sentence of imprisonment ended on November 24, 2018, although he remains on probation until November 23, 2023. See https://webapps.doc.state.nc.us/opi/ (North Carolina Dep't of Public Safety's Offender Public Information search portal (last viewed December 11, 2018)).

---

[1] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court should deem the instant Petition filed on July 31, 2018, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities (see Docket Entry 1 at 15). Petitioner originally filed his Petition in the United States District Court for the Eastern District of North Carolina and, on August 6, 2018, that court transferred the Petition to this Court because Petitioner challenges a sentence imposed in Surry County, which lies within the Middle District of North Carolina. (See Docket Entry 3.) Throughout this Recommendation, pin citations to page numbers refer to the page numbers in the footer appended to those materials at the time of their docketing in the CM/ECF system.

## II.  Ground for Relief

In Petitioner's sole ground for relief, he contends that the NCDPS has "denied [him] the correct amount of sentence reduction credit." (Docket Entry 1, ¶ 12(GROUND ONE).)

## III. Discussion

The Court "shall entertain an application for a writ of habeas corpus in behalf of a person <u>in custody</u> pursuant to the judgment of a State court only on the ground that he is <u>in custody</u> in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); see also <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989) (holding that Section 2254 petitioner must, at the time he or she files petition, remain "in custody" pursuant to state conviction or sentence at issue (citing <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968))). The "in custody" requirement raises a threshold jurisdictional question. <u>Maleng</u>, 490 U.S. at 490 (stating that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States'") (emphasis in original).  To meet the jurisdictional "in custody" requirement, a petitioner need not remain in <u>actual physical custody</u> of state authorities, as well-settled law holds that an ongoing term of probation or parole constitutes a sufficient restraint on a petitioner's liberty to allow the petitioner to challenge a state sentence under Section 2254. See <u>Jones v. Cunningham</u>, 371 U.S. 236, 242 (1963) (deeming prisoner on parole

still "in custody" for habeas purposes because release from physical confinement remained conditional and "the custody and control of the Parole Board involves significant restraints on petitioner's liberty"). However, where a petitioner elect[s] only to attack [his or her] sentences, and . . . those sentences expired during the course of the[] proceedings, th[e] case is moot." Lane v. Williams, 455 U.S. 624, 631 (1982); see also North Carolina v. Rice, 404 U.S. 244, 248 (1971) ("Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."); Gutierrez-Mondragon v. United States, No. 1:09CR99-1, 2017 WL 9480145, at *1 n.1 (M.D.N.C. Sept. 29, 2017) (unpublished) (Webster, M.J.) ("To the extent Petitioner has completed his federal sentence, his motion, which only attacks the length of his period of imprisonment, is . . . moot."), recommendation adopted, 2017 WL 9480146 (M.D.N.C. Nov. 30, 2017) (unpublished) (Tilley, S.J.).

Here, Petitioner's sole ground for relief contends that the NCDPS failed to properly apply sentence reduction credits (see Docket Entry 1, ¶ 12 (GROUND ONE)) and, in the demand for relief, he requests that "the NCDPS/Prisons correctly apply the proper amount of sentence credit to his sentences" (id. at 15). The materials attached to the Petition make clear that, through the application of the sentence reduction credits, Petitioner ultimately sought an earlier release date. (See Docket Entry 1-1

at 2 (requesting NCDPS to "fix the release date to the appropriate date of Nov[ember] 8[,] 2018 for [his] incarceration").)

Petitioner "urg[es] . . . the correction of a sentence already served," Rice, 404 U.S. at 248, and thus the Petition fails on grounds of mootness.

## IV. Conclusion

**IT IS THEREFORE RECOMMENDED** that the Petition (Docket Entry 1) be denied as moot, and that Respondent's Motion for Summary Judgment (Docket Entry 6) be denied as moot, and that Judgment be entered dismissing this action, without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 21, 2018